UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **LELAND MCRAE,**<br>**Plaintiff,**<br><br>v.<br><br>Student Advisory Group, Student Assistance Program, John/Jane Does 1-5<br><br><br>**Defendants** | §<br>§<br>§<br>§<br>§<br>§ Cause No:5:19-cv-01096<br>§<br>§<br>§<br>§<br>§ |
| | |

**Plaintiff's Original Complaint**

**Parties**

1. The Plaintiff is Leland McRae, a natural person, who was present in Texas for the calls at issue in this case, residing in Bexar County.

2. Student Advisory Group is a business entity whose location and organizational status is unknown to Plaintiff. http://www.studentadvisorygroup.com/

3. Student Assistance Program is a business entity whose location and organizational status is unknown to Plaintiff. https://studentassistanceprogram.net/

4. John/Jane Does 1-4 are other liable parties currently unknown to the Plaintiff.

**JURISDICTION AND VENUE**

5. <u>Jurisdiction</u>.  This Court has federal-question subject matter jurisdiction over Plaintiff's Telephone Consumer Protection Act (hereinafter "TCPA") claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368,

372 (2012). This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim: arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case; and doesn't seek money damages, so it is unlikely to predominate over the TCPA claims.

6. **Personal Jurisdiction.**  This Court has general and personal jurisdiction over the Defendant(s) because they have repeatedly placed calls to Texas residents, and derive revenue from Texas residents, sell goods and services to Texas residents, including the Plaintiff. *Tex. Civ. Prac. & Rem. Code § 17.042.*

7. This Court has specific personal jurisdiction over the Defendants because the calls at issue were sent by or on behalf of the Defendants to the State of Texas and the Defendants committed a tort in Texas by violating the TCPA. *47 U.S.C. § 227*, *see also* Texas. *Tex. Civ. Prac. & Rem. Code § 17.042.*

8. **Venue.**  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Defendant resides in this District.  Plaintiff was residing in the Western District of Texas when he received a substantial if not every single call from the Defendants that are the subject matter of this lawsuit. *47 U.S.C. § 227.*

9. This Court has venue over the Defendants because the calls at issue were sent by or on behalf of the above named Defendants to the Plaintiff, a Texas resident. *47 U.S.C. § 227.*

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding telemarketing.

11. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *47 U.S.C. § 227(b)(1)(A)(iii)*.

12. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). *47 U.S.C. § 227(b)(1)(B)*.

13. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). *47 U.S.C. § 227(b)(3)*.

14. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. *47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1)*.[1]

15. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. *47 U.S.C. § 227(c)(5)*.

16. According to findings by the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

17. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

18. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver pre-recorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

19. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

20. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either

section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

21. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

22. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## The Texas Business and Commerce Code 305.053

23. The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

24. The Plaintiff may seek damages under this Texas law for violations of *47 USC 227* or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

## FACTUAL ALLEGATIONS

**Student Advisory Group, Student Assistance Program, John/Jane Doe 1-5 calls to the Plaintiff**

25. John/Jane Doe d/b/a Student Assistance Program (hereinafter "Student Assist") provides

student loan refinancing and repayment options to those owing student loan debt. .

26. Mr. McRae received multiple calls from Defendants soliciting his interests in their services.

27. The telemarketing calls were initiated by what sounded like pre-recorded voices, evidenced by their tone and cadence being identical in nature, and the sheer frequency of the calls, often occurring one after another in the same day.

28. These calls were initiated by telemarketers who offered loan repayment options that could lower the student debt owed, lower monthly payments or forgive the debt entirely.

29. Specifically, the telemarketers offered limited time only refinancing options that were time sensitive and would not be available to Plaintiff if did not return their call soon.

30. The various telemarketers calling and communicating with Plaintiff do not identify who they are calling on behalf of.

31. Frustrated and annoyed by the frequency of the calls, Plaintiff came to the realization the Defendants were not going to reveal their true identity unless Plaintiff engaged the telemarketer and ordered their product or service.

32. After roughly a year of constant calls from Defendants, Plaintiff went through the application process of Defendants' to qualify for student loan refinancing.

33. The telemarketer who conducted the online application process was aggressive and overbearing, to the point of badgering Plaintiff to sign and return the loan agreement within minutes of receiving it. The application is fourteen pages long with at least ten of those pages with single spaced typing.

34. The telemarketer completing the application process did not identify who she was calling on behalf of until being asked and then provided no less than two different companies, Student

Assist and Student Advisory Group (hereinafter "Student Advisory"), during the call.

35. These calls were not related to an emergency purpose and were not initiated with the Plaintiff's consent. Below are some of the calls placed, but are not an exhaustive list.

| CID | Date | Calls to 248-420-4042 |
|---|---|---|
| 725-444-3206 | 07/08/2019 | |
| 573-6628-0944 | 05/22/2019 | |
| 725-207-3590 | 05/30/2019 | |

36. The Defendants called Plaintiff no less than twenty five times, the investigation into the total number of calls is ongoing. Plaintiff has recorded no less than thirteen calls from Defendant to Plaintiff.

37. On July 18, 2019 Plaintiff called Defendants and requested their do not call policy. The Defendants did not produce their policy upon demand and still have not done so as of the date of this complaint was filed.

38. The Defendants were soliciting the Plaintiff over the phone to refinance student loan debt without the Defendants maintaining an internal, written do-not-call policy.

39. Defendants knew full well that telemarketers were placing calls on their behalf to consumers across the country offering to refinance student loan debt.

40. Mr. McRae has a limited data plan. Incoming text messages chip away at his monthly allotment.

41. Mr. McRae has limited data storage capacity on his cellular telephone. Incoming calls from Defendants consumed part of this capacity.

42. The calls were unwanted and unsolicited by the Plaintiff.

43. No emergency necessitated the calls.

44. Each call was sent by an Automated Telephone Dialing System (hereinafter "ATDS").

## Student Advisory Group, Student Assistance Program, John/Jane Doe 1-5  Knowing and Willful Violations of Telemarketing Regulations

45. Mr. McRae asked for an internal do-not-call policy and the Defendants indicated they did not have a written internal do-not-call policy to send him.

46. Defendants knowingly violated the TCPA by initiating automated calls to Plaintiff.

47. Defendants never sent Mr.McRae a do-not-call policy.

48. On information and belief, Defendants did not have a written do-not-call policy while it was sending Mr.McRae the unsolicited calls.

49. On information and belief, Defendants did not train its agents engaged in telemarketing on the existence and use of any do-not-call list.

50. Defendants calls did not provide Mr. McRae with the name of the person or entity on whose behalf the calls were being made.

## The Plaintiff's cell phone is a residential number

51. The phone calls were to the Plaintiff's cellular phone 248-420-4042, which is the Plaintiff's cell phone that he uses for personal, family, and household use. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, listening to music and sending and receiving text messages. The Plaintiff further has his cell phone registered in his personal name, and pays the cell phone bill from his personal accounts.

**Violations of the Texas Business and Commerce Code 305.053**

52. The actions of the Defendants violated the *Texas Business and Commerce Code 305.053* by placing automated calls to a cell phone which violate *47 USC 227(b)*. The calls violated Texas law by placing calls with a pre-recorded message to a cell phone which violate *47 USC 227(c)(5)* and *47 USC 227(d)* and *47 USC 227(d)(3)* and *47 USC 227(e)*.

53. The calls by the Defendants violated Texas law by spoofing the caller ID's per *47 USC 227(e)* which in turn violates the Texas statute.

## I. FIRST CLAIM FOR RELIEF

**(Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))**

**(Against All Defendants)**

1. Mr. McRae realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

2. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the TCPA, *47 U.S.C. § 227(b)(1)(A)*, by making non-emergency telemarketing robocalls to Mr. McRae's cellular telephone number without his prior express written consent.

3. Mr. McRae is entitled to an award of at least $500 in damages for each such violation. *47 U.S.C. § 227(b)(3)(B)*.

4. Mr. McRae is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. *47 U.S.C. § 227(b)(3)*.

5. Mr. McRae also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

## II. SECOND CLAIM FOR RELIEF

**(Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d))**

**(Against All Defendants)**

6. Mr. McRae realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

    a. a written policy, available upon demand, for maintaining a do-not-call list, in violation of *47 C.F.R. § 64.1200(d)(1)*;[2]

    b. training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of *47 C.F.R. § 64.1200(d)(2)*;[3] and,

    c. in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of *47 C.F.R. § 64.1200(d)(4)*.[4]

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[4] *See id.* at 425 – 26 (codifying a June 26, 2003 FCC order).

8.     Mr. McRae is entitled to an award of at least $500 in damages for each such violation. *47 U.S.C. § 227(c)(5)(B)*.

9.     Mr. McRae is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. *47 U.S.C. § 227(c)(5)*.

10.    Mr. McRae also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making telemarketing solicitations until and unless they (1) implement a do-not-call list and training thereon and (2) include the name of the individual caller and AFS's name in the solicitations.

### III. THIRD CLAIM FOR RELIEF: Violations of The Texas Business and Commerce Code 305.053

11.     Mr. McRae realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

12.    The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the *Texas Business and Commerce Code 305.053,* by making non-emergency telemarketing robocalls to Mr. McRae's cellular telephone number without his prior express written consent in violation of *47 USC 227 et seq*. The Defendants violated *47 USC 227(d)* and *47 USC 227(d)(3)* and *47 USC 227(e)* by using an ATDS that does not comply with the technical and procedural standards under this subsection.

13.    Mr. McRae is entitled to an award of at least $500 in damages for each such violation. *Texas Business and Commerce Code 305.053(b)*.

14. Mr. McRae is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. *Texas Business and Commerce Code 305.053(c)*.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Leland McRae prays for judgment against the Defendants jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C. An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individual for each and every call.

E. An award of $1,500 in statutory damages per call arising from violations of the Texas Business and Commerce code 305.053

F. An award to Mr. McRae of damages, as allowed by law under the TCPA;

G. An award to Mr. McRae of interest, costs and attorneys' fees, as allowed by law and equity

H. Such further relief as the Court deems necessary, just, and proper.

Respectfully Submitted,

/s/ Leland McRae

_____

Leland Garrett McRae

Attorney for Plaintiff

1150 N. Loop 1604 W.,

 Ste. 108-461

San Antonio, TX 78248

Phone: (210) 569-0434

Email: leland@lelandmcrae.com

CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing pleading was forwarded by (first class mail, hand-delivery, or certified mail) to Student Advisory Group, Student Assistance Program, John/Jane Doe 1-5 /s/ Leland McRae.

/s/ Leland McRae

_____

Leland Garrett McRae